JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No. 2:12-cv-00242-JHN-RZ                    Date:  January 17, 2012

Title: *Esperanza Community Housing Corporation v. Simin Faraji et al*

Present:  The Honorable JACQUELINE H. NGUYEN

| Chris Silva | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:
        Not Present                                        Not Present

**Proceedings: ORDER REMANDING CASE TO LOS ANGELES COUNTY
            SUPERIOR COURT   (In Chambers)**

On July 6, 2011, Plaintiff Esperanza Community Housing Corporation ("Plaintiff")
brought a Complaint for unlawful detainer against Defendant Simin Faraji dba La
Maison de Crème ("Defendant") in state court.  (Docket no. 1 at 12.)  On January
10, 2012, Defendant removed the case to federal court.  (Docket no. 1 at 1.)
Having considered the Notice of Removal, the Court finds no federal jurisdiction
and hereby **REMANDS** the case to Los Angeles County Superior Court.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part
states that "any civil action brought in a State court of which the district courts of
the United States have original jurisdiction, may be removed by the defendant or
the defendants . . . ." 28 U.S.C. § 1441(a).  However, the Court may remand a case
to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The
burden of establishing federal jurisdiction is on the party invoking federal
jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions
"arising under" federal law.  "The presence or absence of federal-question
jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
federal jurisdiction exists only when a federal question is presented on the face of
the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S.
386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim
has been disguised by "artful pleading," such as where the only claim is a federal

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 2:12-cv-00242-JHN-RZ                    Date:  January 17, 2012

Title: *Esperanza Community Housing Corporation v. Simin Faraji et al*

one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, although Defendant alleges that the claims arise under federal law, Plaintiff's only cause of action is for unlawful detainer under state law.  (Compl. 1.)  Therefore, no federal question jurisdiction exists.

Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  However, neither the Complaint nor the Notice of Removal properly alleges complete diversity of citizenship of the parties.  Without an allegation as to citizenship, Defendant cannot meet his burden of establishing diversity.  Moreover, the Complaint specifically alleges that the damages do not exceed $10,000.  (Compl. 1.)  For these reasons, no diversity jurisdiction exists.

Defendant has failed to meet its burden of establishing federal jurisdiction.  Accordingly, the Court hereby **REMANDS** this matter to the Los Angeles County Superior Court.[1]

**IT IS SO ORDERED.**

___: N/A

Initials of Preparer     CSI

---

[1] Plaintiff filed an *Ex Parte* Application for Remand to State Court (docket no. 5).  That Application is now moot.